**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 30 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



AMBER CURTIS,

               Plaintiff - Appellant,

   v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

               Defendant - Appellee.

No. 13-35146

D.C. No. 3:11-cv-01351-SI

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted July 10, 2014
Portland, Oregon

Before: PREGERSON, PAEZ, and WATFORD, Circuit Judges.

**1.** In denying Amber Curtis' claim for supplemental security income, the

Administrative Law Judge (ALJ) erred by considering only those portions of third-

party functional reports by Shelby Alexander and Nicole Labins favorable to the

Commissioner. "[L]ay testimony . . . *cannot* be disregarded without comment."

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

*Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006). The ALJ made no mention of Alexander's and Labins' statements that Curtis was uncomfortable in public places, easily overwhelmed, and confused by written instructions.

This is not a case in which the ALJ rejected Alexander's and Labins' statements for the same reasons he rejected other witnesses' testimony and merely neglected to "point to" those equally applicable reasons. *See Molina v. Astrue*, 674 F.3d 1104, 1114–15 (9th Cir. 2012). Alexander and Labins based their reports on their own observations, rather than on Curtis' assertions, and the ALJ's rejection of Curtis' testimony therefore has no clear bearing on Alexander's and Labins' reports. *See Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Moreover, none of Alexander's or Labins' statements are necessarily incompatible with Curtis' reports that she prepares food, watches television, and cares for her son. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("[M]any home activities are not easily transferable to what may be the more grueling environment of the workplace.").

Because the testimony, if fully credited, might have resulted in a different disability determination, the ALJ's error was not harmless. *See Stout*, 454 F.3d at 1056. If fully credited, Alexander's and Labins' statements add weight to Curtis'

own testimony, *see Robbins v. Soc. Sec. Admin*, 466 F.3d 880, 885 (9th Cir. 2006), and may have supported additional restrictions in the vocational hypothetical.

**2.** Although the ALJ wrote that he considered "[a]ll impairments, severe and non-severe," in determining Curtis' residual functional capacity (RFC), we are unable to determine on the record before us whether the ALJ adequately considered Curtis' mental health limitations. In analyzing Curtis' RFC on remand, the ALJ must, as required by 20 C.F.R. § 404.1545(a)(2), consider his own findings that Curtis suffered from severe depression and anxiety and had mild or mild to moderate limitations in several functional domains.

Accordingly, we reverse the district court's judgment with instructions to remand to the Commissioner for further proceedings consistent with this memorandum.

**REVERSED AND REMANDED.**